**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| Megan Rieke, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| City of Crestwood, Missouri, and | ) | |
| Kevin McFarland, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

### Introduction

1. In this cause of action, brought pursuant to 42 U.S.C. § 1983 and the common law of the State of Missouri, Plaintiff Megan Rieke seeks judgment against Kevin McFarland for violations of her civil rights guaranteed by the United States Constitution and for malicious prosecution brought pursuant to the laws of the State of Missouri, and declaratory judgment against the City of Crestwood, Missouri for its Code of Ordinances § 16-12 is facially unconstitutional and unconstitutional as applied, and for an award of damages and reasonable attorneys' fees.

### Parties

2. Plaintiff, Megan Rieke, is a resident of Missouri.

3. Defendant Kevin McFarland is a police officer for the City of Crestwood, Missouri. He is sued in his individual capacity.

4. Defendant City of Crestwood is a municipal corporation duly organized under the laws of the State of Missouri.

5. Defendants acted under color of state law at all relevant times to this Complaint.

**Jurisdiction and Venue**

6. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C § 1331 and 1343, as this lawsuit arises under the Constitution of the United States and the provisions of 42 U.S.C. § 1983. Additionally, the Court has supplemental jurisdiction of Plaintiff's state law claim under 28 U.S.C. § 1367(a).

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in the City of Crestwood, St. Louis County, Missouri.

8. Venue is proper in the Eastern Division pursuant to E.D. Mo. L.R. 2.07(A)(3).

**Facts**

9. On August 31, 2014, Defendant McFarland was dispatched to 746 Samoa Drive, Crestwood, St. Louis County, Missouri in response to a noise complaint.

10. Plaintiff's mother, Judy Rieke, was hosting a Labor Day weekend party at her home.

11. Defendant McFarland reported that, upon arrival, he could hear a female voice along with a radio playing at a moderate volume.

12. Defendant McFarland shined his police vehicle's spotlight on the Plaintiff, Plaintiff's mother and brother from the street approximately forty to fifty feet away.

13. Defendant McFarland exited his police vehicle and told the group to "go inside" or he was going to "take everyone to jail."

14. Defendant McFarland briefly spoke with Plaintiff's mother and the three agreed to go inside for the evening.

15. From the time of his arrival, Defendant McFarland demonstrated a hostile attitude toward Plaintiff and her mother and brother by his use of aggressive language, tone, demeanor, and body language.

16. After ordering the three to go inside, Defendant McFarland went to his police vehicle where he could observe them.

17. On the way inside, Plaintiff expressed her discontent with Defendant McFarland's aggressive and hostile treatment of her family by extending her middle finger.

18. From his patrol vehicle, Defendant McFarland yelled at Plaintiff and told her that she was "going to jail."

19. Defendant McFarland's police report, No. 14-3341, states in pertinent part:

> "I turned around and started walking to my patrol car. I was approximately twenty feet away when I heard "Fuck you" from a female voice. As I turned around, I saw a white female with her right arm extended and her hand in a fist except for her middle finger extended upward and shaking it in my direction. At that point, I advised the white female that she was under arrest for disorderly conduct."

20. At no time did Plaintiff say "fuck you" to Defendant.

21. Plaintiff's expressive activity described herein occurred while Plaintiff was on private property.

22. Plaintiff at no time posed any threat to Defendant McFarland.

23. Defendant McFarland arrested Plaintiff for "Disorderly Conduct (Language)" pursuant to City of Crestwood Code of Ordinances § 16-12.

24. City of Crestwood Code of Ordinances § 16-12 provides, in part, that:

> Disorderly conduct shall consist of … using loud or profane language within the hearing of other persons; cursing or threatening any person or annoying persons with threats or abusive or foul language; or acting in a threatening manner towards any person as if to strike or injure him in any manner or with any instrumentality whatsoever; or to lay hands upon, strike, push or shove any person; fleeing from or evading arrest or questioning by a police officer; resisting or interfering with a police officer in the performance of his duties … Disorderly conduct as herein defined is prohibited within the city.

25. After her arrest, Plaintiff was detained for approximately two hours before being released.

26. As a result of the charge of disorderly conduct, Plaintiff was required to retain legal counsel and appear before the Crestwood Municipal Court on October 16, 2014.

27. Trial was set in the matter for April 23, 2015 where plaintiff's counsel made an oral motion to dismiss.

28. On or about June 25, 2015, plaintiff's counsel followed their oral motion to dismiss with a written motion to dismiss.

29. On or about September 15, 2016, the Municipal Court in Crestwood denied Plaintiff's motions to dismiss and instead issued a "Verdict and Judgment" finding Plaintiff not guilty.

30. Defendant McFarland lacked probable cause to believe that Plaintiff had committed any crime.

4

31. No reasonable officer would have believed that Defendant McFarland had probable cause to arrest Plaintiff for Plaintiff's expressive activity.

32. Defendant McFarland arrested Plaintiff for no reason other than as retaliation for Plaintiff's expressive activity.

33. Defendant initiated the aforementioned charge of disorderly conduct and subsequent judicial proceeding against Plaintiff out of malice.

## COUNT I
### 42 U.S.C. § 1983 - First Amendment
### First Amendment Retaliation
### Against Defendant Kevin McFarland

34. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

35. Plaintiff's expressive activity was noncommercial and conducted on private property.

36. Plaintiff's expressive activity is protected by the First Amendment.

37. Plaintiff's expressive activity did not violate any law.

38. But for Defendant McFarland's retaliatory animus regarding Plaintiff's activity, Defendant McFarland would not have arrested Plaintiff.

39. But for Defendant McFarland's retaliatory animus regarding Plaintiff's activity, Defendant would not have issued Plaintiff a citation for allegedly violating § 16-12 of the City of Crestwood Code of Ordinances.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendant McFarland;

    B. Award Plaintiff compensatory damages against Defendant McFarland for his violation of Plaintiff's constitutional rights under color of law;

      C.      Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

      D.      Allow such other and further relief as the Court deems just and proper.

## COUNT II
*42 U.S.C. § 1983*
*First Amendment Violation*
*Against Defendant Kevin McFarland*

40. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

41. Defendant McFarland violated Plaintiff's rights, under the First Amendment, to freedom of speech by detaining Plaintiff and issuing her a citation for disorderly conduct for her expressive activity.

42. Making hand gestures, including raising one's middle finger, is a legitimate means of expressing oneself that is protected by the First Amendment.

43. Defendant McFarland engaged in these unlawful actions willfully knowingly, acting with reckless or deliberate indifference to Plaintiff's First Amendment rights.

WHEREFORE, Plaintiff prays this Court:

      A.      Enter judgment in favor of Plaintiff and against Defendant McFarland;

      B.      Award Plaintiff compensatory damages against Defendant McFarland for his violation of Plaintiff's constitutional rights under color of state law;

      C.      Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

      D.      Allow such other and further relief as the Court deems just and proper.

## COUNT III
*42 U.S.C. § 1983*
*Fourth Amendment Violation*
*Against Defendant Kevin McFarland*

44. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

45. Plaintiff has a right under the Fourth Amendment to be free from unreasonable search and seizures.

46. Defendant McFarland violated Plaintiff's clearly established right to be free from unlawful searches and seizure when, using excessive force, he arrested Plaintiff for disorderly conduct without probable cause to believe that Plaintiff had engaged in criminal activity or committed any crime.

47. Defendant McFarland engaged in these unlawful actions willfully knowingly, acting with reckless or deliberate indifference to Plaintiff's Fourth Amendment rights.

48. As a direct and proximate cause of Defendant McFarland's unlawful actions, Plaintiff suffered physical harm, emotional pain and suffering, and humiliation.

WHEREFORE, Plaintiff prays this Court:

E. Enter judgment in favor of Plaintiff and against Defendant Kevin McFarland;

F. Award Plaintiff compensatory damages against Defendant McFarland for his violation of Plaintiff's constitutional rights under color of state law;

G. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

H. Allow such other and further relief as the Court deems just and proper.

## COUNT IV
*Supplemental Jurisdiction*
*State Law Claim of Malicious Prosecution*
*Against Defendant Kevin McFarland*

49. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

50. Defendant McFarland intentionally initiated the prosecution of Plaintiff for disorderly conduct on August 31, 2014.

51. Defendant McFarland initiated the prosecution of Plaintiff with no probable cause to believe that she had committed any crime or violation.

52. Defendant McFarland knew that there was a lack of probable cause to believe that Plaintiff committed the crime of disorderly conduct.

53. Defendant McFarland falsely claimed that Plaintiff said "fuck you" for the purpose of initiating the prosecution of Plaintiff under § 16-12 of the City of Crestwood Code of Ordinances.

54. Defendant McFarland was motivated by malice in initiating the prosecution of Plaintiff.

55. As a result of Defendant McFarland's initiation of prosecution, Plaintiff was forced to retain an attorney and endure over two years of judicial proceedings.

56. On September 15, 2016, the prosecution of Plaintiff for disorderly conduct terminated in her favor when the Crestwood Municipal Court found the Plaintiff not guilty.

57. Plaintiff was damaged as a result of Defendant McFarland's initiation of Plaintiff's prosecution for disorderly conduct in that she incurred expenses, including the cost of retaining an attorney, and was chilled from engaging in constitutionally protected expressive activity.

WHEREFORE, Plaintiff prays this Court:

    A.    Enter judgment in favor of Plaintiff and against Defendant McFarland;

    B.    Award Plaintiff compensatory against Defendant McFarland for initiating the malicious prosecution of Plaintiff;

    C.    Award Plaintiff punitive damages against Defendant McFarland for initiating the malicious prosecution of Plaintiff;

    D.    Award Plaintiff reasonable attorneys' fees and costs; and

    E.    Allow such other and further relief as the Court deems just and proper.

**COUNT V**
*42 U.S.C. § 1983 - First Amendment*
*Challenge to Section 16-12*
*Against Defendant City of Crestwood*

58.    Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

59.    Section 16-12 is not narrowly tailored to achieve any significant government interest.

60.    Section 16-12 fails to leave open ample alternatives for Plaintiff's expression.

61.    Section 16-12 is unconstitutionally overbroad.

62.    Section 16-12 was the cause of Defendant McFarland's decision to arrest Plaintiff.

WHEREFORE, Plaintiff prays this Court:

    F.    Enter a declaration that § 16-12 of the City of Crestwood Code of Ordinances is unconstitutional on its face;

    G.    Award Plaintiff compensatory damages;

    H.    Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

9

      I.      Allow such other and further relief as the Court deems just and proper.

### COUNT VI
*42 U.S.C. § 1983 - First Amendment*
*Unconstitutional Application of Section 16-12*
*Against Defendant McFarland*

63. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

64. Plaintiff's arrest was based on an overbroad application of Section 16-12.

65. The application of Section 16-12 to Plaintiff's conduct was not narrowly tailored to achieve any significant government interest.

66. The application of Section 16-12 to Plaintiff's conduct did not leave open ample alternatives for Plaintiff's expression.

WHEREFORE, Plaintiff prays this Court:

    A.    Enter a declaration that the application of § 16-12 of the City of Crestwood Code of Ordinances to Plaintiff's conduct was unconstitutional;

    B.    Award Plaintiff compensatory damages against Defendant McFarland for his violation of Plaintiff's constitutional rights under color of law;

    C.    Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D.    Allow such other and further relief as the Court deems just and proper.

### COUNT VII
*42 U.S.C. § 1983 - Fourteenth Amendment*
*Section 16-12 is Void for Vagueness*
*Against Defendant City of Crestwood*

67. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph as if each were set forth here verbatim.

68. The prohibitions of § 16-12 are vague and not clearly defined.

69. Section 16-12 offers no clear and measurable standard by which Plaintiff and others can act lawfully.

70. Section 16-12 does not provide explicit standards for application by law enforcement officers.

71. Section 16-12 fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits, and authorizes or encourages arbitrary and discriminatory enforcement, or both.

WHEREFORE, Plaintiff prays this Court:

A. Enter a declaration that § 16-12 of the City of Crestwood Code of Ordinances is unconstitutional on its face;

B. Award compensatory damages;

C. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

D. Allow such other and further relief as the Court deems just and proper.

Respectfully submitted,

WATSON & DAMERON, LLP

By: */s/ James E. Brady, III*
James E. Brady, III          MO# 62310
2500 Holmes Street
Kansas City, Missouri 64108
(816) 474-3350
(816) 474-3351 (Fax)
jbrady@kctriallawyers.com
**Attorney for Plaintiff Megan Rieke**

11