**EXHIBIT**

**A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MEGAN RIEKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:17-cv-01528 |
| | ) | |
| CITY OF CRESTWOOD, MISSOURI AND | ) | |
| KEVIN MCFARLAND, | ) | |
| | ) | |
| Defendants. | ) | |

## *CITY OF CRESTWOOD, MISSOURI AND CRESTWOOD POLICE OFFICER KEVIN MCFARLAND'S JOINT ANSWER TO PLAINTIFF'S COMPLAINT*

COME NOW Defendants, the City of Crestwood, Missouri and Crestwood Police Officer Kevin McFarland, by and through their attorneys, and for their Joint Answer to Plaintiff's Complaint, state as follows:

### *INTRODUCTION*

1. Admitted that paragraph one purports to describe the nature of Plaintiff's legal claim and the relief requested, but does not allege facts against these Defendants to which any response is required. To the extent that it alleges any facts against Defendants, all such allegations are denied.

### *PARTIES*

2. Upon information and belief, admitted.

3. Admitted.

4. Admitted.

5. Admitted.

{01911993.DOCX;1}

*JURISDICTION AND VENUE*

6.  Paragraph six is an argumentative statement of law reserved for this Court's judgment, to which no answer is required.  To the extent it alleges any facts against Defendants, all allegations are denied.

7.  Paragraph seven is an argumentative statement of law reserved for this Court's judgment, to which no answer is required.  To the extent it alleges any facts against Defendants, all allegations are denied.

8.  Paragraph eight is an argumentative statement of law reserved for this Court's judgment, to which no answer is required.  To the extent it alleges any facts against Defendants, all allegations are denied.

*FACTS*

9.  Admitted.

10. Denied for lack of knowledge.

11. Paragraph eleven is denied as it is phrased.  It is admitted that Defendant McFarland could hear a loud female voice along with a radio playing at a moderate volume.

12. Denied.

13. Denied.

14. Admitted that Defendant McFarland spoke to individuals at the residence and that the individuals agreed to go inside.

15. Denied.

16. Denied.

2

17. Denied as phrased.  It is admitted that Defendant McFarland observed Plaintiff giving the finger to Defendant McFarland, but the remaining allegations contained in paragraph 17 are denied.

18. Denied.

19. Admitted.

20. Denied.

21. Denied as phrased.  It is admitted that Plaintiff gave Defendant McFarland the finger and yelled "Fuck you" at Defendant McFarland.  The remaining allegations contained in paragraph 21 are denied.

22. Denied.

23. Admitted.

24. Admitted.

25. Denied as phrased.  It is admitted that Plaintiff was briefly detained for a reasonable length of time upon probable cause that Plaintiff had committed a violation of law, but the exact duration of Plaintiff's detention before Plaintiff was released is not certain.

26. Denied as phrased.  It is admitted that Plaintiff was issued a summons to appear in Crestwood Municipal Court upon probable cause to believe that Plaintiff had committed a violation of law.  The remaining allegations contained in paragraph 26 are denied. .

27. Upon information and belief, Defendants admit that the municipal ordinance violation issued to Plaintiff was set for trial.  The remaining allegations contained in paragraph 27 are denied for lack of knowledge.

28. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph twenty eight and, therefore, deny same.

3

29. Upon information and belief, the Crestwood Municipal Court entered its order finding Plaintiff not guilty.  The remaining allegations contained in paragraph 29 are denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

### COUNT I
### *42 U.S.C. §1983 – First Amendment*
### *First Amendment Retaliation*
### *Against Defendant Kevin McFarland*

34. Defendants incorporate by reference the answers and responses to the allegations contained in paragraphs one through thirty three as if fully restated herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

### COUNT II
### *42 U.S.C. §1983*
### *First Amendment Violation*
### *Against Defendant Kevin McFarland*

40. Defendants incorporate by reference the answers and responses to the allegations contained in paragraphs one through thirty nine as if fully restated herein.

41. Denied.

4

42. Paragraph forty two is an argumentative statement of law reserved for this Court's judgment, to which no answer is required.  The extent it alleges any facts against Defendants, all allegations are denied.

*43.* Denied.

**COUNT III**
***42 U.S.C. §1983***
***Fourth Amendment Violation***
***Against Defendant Kevin McFarland***

44. Defendants incorporate by reference the answers and responses to the allegations contained in paragraphs one through forty three as if fully restated herein.

45. Paragraph forty five is an argumentative statement of law reserved for this Court's judgment, to which no answer is required.  To the extent it alleges any facts against Defendants, all allegations are denied.

46. Denied.

47. Denied.

48. Denied.

**COUNT IV**
***Supplemental Jurisdiction***
***State Law Claim of Malicious Prosecution***
***Against Defendant Kevin McFarland***

49. Defendants incorporate by reference the answers and responses to the allegations contained in paragraphs one through forty eight as if fully restated herein.

50. Denied as phrased.  It is admitted that Defendant McFarland issued a summons to Plaintiff upon probable cause to believe that Plaintiff had committed a violation of law.  All other allegations contained in paragraph fifty are denied.

51. Denied.

5

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Upon information and belief, the Crestwood Municipal Court entered its order finding Plaintiff not guilty.  The remaining allegations contained in paragraph 56 are denied.

57. Denied.

### COUNT V
### 42 U.S.C. §1983 – First Amendment
### Challenge to Section 16-12
### Against Defendant City of Crestwood

58. Defendants incorporate by reference the answers and responses to the allegations contained in paragraphs one through fifty seven as if fully restated herein.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

### COUNT VI
### 42 U.S.C. §1983 – First Amendment
### Unconstitutional Application of Section 16-12
### Against Defendant McFarland

63. Defendants incorporate by reference the answers and responses to the allegations contained in paragraphs one through sixty two as if fully restated herein.

64. Denied.

65. Denied.

66. Denied.

6

*COUNT VII*
*42 U.S.C. §1983 – Fourteenth Amendment*
*Section 16-12 is Void for Vagueness*
*Against Defendant City of Crestwood*

67. Defendants incorporate by reference the answers and responses to the allegations contained in paragraphs one through sixty six as if fully restated herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

WHEREFORE, having fully answered Plaintiff's Complaint, the Defendants move the Court to dismiss this Complaint against them, to award their costs and fees incurred to them, and for such other and further relief as the Court deems proper.

*AFFIRMATIVE DEFENSES*

A.    For further answer and affirmative defense, Plaintiff's Petition fails to state a cause of action or claim upon which relief can be granted against these Defendants.

B.    For further answer and affirmative defense, any injury or damage sustained by Plaintiff was sustained as the direct and proximate result of Plaintiff's own intentional and voluntary criminal conduct, negligence, carelessness and comparative fault and, thus, Plaintiff is not entitled to recover from Defendants, or any recovery of Plaintiff should be reduced by the percentage of Plaintiff's own negligence, carelessness and comparative fault contributing thereto pursuant to federal law and RSMo §537.060.

C.    Defendant McFarland is entitled to qualified immunity regarding the claims made against him, including, without limitation, there is no fundamental right that was clearly established at the time of the events described in the Petition for using loud or profane

7

language within the hearing of other persons and, thus, Plaintiff is not entitled to recover from Defendant McFarland as Defendant McFarland's conduct was justified.

D.      Defendant McFarland is entitled to the affirmative defense of justification since Megan Rieke's arrest was a discretionary act and was justified given the officer observations.

WHEREFORE, having fully answered Plaintiff's Complaint, the Defendants City of Crestwood, Missouri and Crestwood Police Officer Kevin McFarland move the Court to dismiss the Plaintiff's Complaint against them, to award their fees and costs incurred by them, and for such other and further relief as the Court deems proper.

/s/ Peter J. Dunne
Peter J. Dunne  #31482MO
Jessica L. Diamond  #60691MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 25th day of July 2017:

James E. Brady, III
Watson & Dameron, LLP
2500 Holmes Street
Kansas City, Missouri 64108
jbrady@kctriallawyers.com
*Attorney for Plaintiff*

/s/ Peter J. Dunne

8